IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN L MALDONADO,

    Plaintiff,

v.                                                                                                          No. 21-cv-491-WJ-KRS

MARK STANDRIDGE, et al,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court on Plaintiff Steven Maldonado's Prisoner Civil Rights Complaint (Doc. 1) (the "Complaint"). Also before the Court is Plaintiff's motion to voluntarily dismiss defendants. (Doc. 21) (the "Motion). Plaintiff is a state prisoner housed in Otero County Prison Facility. He is proceeding *pro se*. Plaintiff claims, inter alia, that his Fourteenth Amendment due process rights were violated by a state district court judge who denied his motion to withdraw his guilty plea. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

I.    <u>Background</u>.

The following facts are taken from the allegations in, and attachments to, the Complaint. In the Sixth Judicial District Court of New Mexico, Plaintiff pled guilty to three counts of an indictment charging crimes of child sexual abuse. (Doc. 1-1 at 1). At the time, he was represented by the Law Firm of Stacey A. Ward, Esq., LLC (Stacy A. Ward). (Doc. 1-1 at 2, Doc. 1-4 at 8).

The Honorable Jennifer Delaney presided over the criminal case and accepted the plea in March 2017. (Id.).

In June 2017, Ms. Ward moved to withdraw as Plaintiff's counsel due to a conflict of interest that arose from Plaintiff's wish to appeal or withdraw from the plea agreement which, he maintained, she had pressured or coerced him to accept. (Doc. 1-4 at 2). Judge Delaney granted Ms. Ward's motion, and new counsel (Jonathan Miller, Esq.) was appointed to represent Plaintiff. (Doc. 1-5 at 1). Represented by Mr. Miller, Plaintiff filed a motion to withdraw his plea in September 2017. (Doc. 1-1 at 1). Judge Delaney held a hearing on the motion on November 30, 2017 and, in December 2017, she entered a detailed order denying it. (Doc. 1-6).

In March 2018, Plaintiff filed a petition for a writ of habeas corpus in the state court, claiming, among other things, that he was coerced into accepting the plea agreement. (Doc. 1-1 at 1). The petition was denied in April 2018. (Id.). The New Mexico Supreme Court denied Plaintiff's petition for a writ of certiorari in April 2019. (Doc. 1-1 at 2). Plaintiff continued to pursue habeas and other relief in the state court, including habeas petitions in May 2019 and October 2019, respectively. (Id.) The state court denied Plaintiff's various requests for relief. (Id.). In May 2020, Plaintiff filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his plea agreement on the same grounds. *See Maldonado v. Marthenz*, *et al*, 20-cv-507-MV-GJF.[1] The petition survived screening, and on December 9, 2022, the Court ordered the State Attorney General to answer the petition within 45 days. *Id.* at Doc. 31.

In May 2020, Plaintiff wrote a letter to the Sixth Judicial District Court claiming that he had been provide with an incomplete recording of his March 20, 2017, court proceedings. (Doc.

---

1 *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

2

1-7). Felicia Ortiz, a Certified Court Monitor in New Mexico's Sixth Judicial District Court, wrote a letter in response, stating that Plaintiff had been (and would again be) provided with complete of the March 20, 2017, plea hearing, and November 30, 2017, hearing on the motion to withdraw the plea. (Id.). Ms. Ortiz advised Plaintiff that the settlement negotiation that preceded the March 20, 2017, plea hearing was not part of the record. (Doc. 1-7).

In the Complaint, Plaintiff claims that Judge Delaney violated his Fourteenth Amendment due process rights by denying his motion to withdraw his plea. (Doc. 1 at 1-3). He alleges that in advance of the hearing on his motion to withdraw, Judge Delaney listened to the recording of his plea hearing, determined that it supported his contention that he had been coerced by Ms. Ward into entering the plea, and then directed Ms. Ortiz to delete the parts of the recording that supported his theory so that she could deny the motion, but avoid reversal by a higher court. (Id. at 3). He alleges that Ms. Ortiz then tampered with the recordings as directed by Judge Delaney, and falsely represented to him that the recordings were complete. (Id.). Plaintiff seeks $6 million in damages.

In addition to Judge Delaney and Ms. Ortiz, Plaintiff names the following defendants: Mark Standridge, Carrillo Firm, P.C., Otero County Prison Facility, Sixth Judicial District Court, Grant County Sheriff's Department, and court clerk Michael M. Medina. As to these additional defendants, the complaint is devoid of allegations of wrongdoing. Further, in the above referenced Motion, filed while the Complaint was pending, Plaintiff moved to voluntarily dismiss Mark Standridge (a named defendant) and Raymond Carrillo (not a named defendant) from this lawsuit.

II.     Standard of Review.

Where, as here, a civil rights action is filed by an inmate against government officials, the Court must screen the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a

3

claim on which relief may be granted." 28 U.S.C. § 1915A(b). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of advocate for the pro se litigant." *Id.*

III.     Analysis.

Plaintiff's claims arise under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. The essential elements of a § 1983 claim are: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To satisfy the pleading standards, a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *Ashcroft*, 556

U.S. at 676; *McGee v. Lawless*, 524 F. App'x 585, 587 (10th Cir. 2020). There must also be a connection between the official conduct and the Constitutional violation. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

      A.      <u>Judge Delaney and State Court Staff are Immune from Claims for Damages.</u>

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 734-35 (1980). Absolute judicial immunity extends to persons performing "judicial acts or activity as an official aid of the judge" and to "non-judicial officers" whose duties are "integral [to] the judicial process." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). Plaintiff's claims against Judge Delaney stem from acts performed in her judicial capacity. Plaintiff's claims against Ms. Ortiz arise from the performance of administrative or ministerial duties namely, providing recordings of judicial proceedings and responding to Plaintiff's written correspondence about the recordings, which are integral to the judicial process. Judge Delaney and Ms. Ortiz are entitled to absolute immunity from Plaintiff's § 1983 damages claim in this context. Plaintiff's claims against them will be dismissed accordingly.

As to court clerk Michael Medina, the Complaint is devoid of allegations showing what he is alleged to have done to Plaintiff in violation of Plaintiff's constitutional rights. *See Robbins*, 519 F.3d at 1250 (to state a viable claim, the plaintiff must allege who did what to him in violation of his constitutional rights). As such, to the extent the Complaint includes claims against Michael Medina, they are dismissed.

      B.      <u>The Sixth Judicial District Court is not a Proper Defendant.</u>

"It is well established that arms of the state . . . are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Tax. and Rev Dep't's Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006). The Sixth Judicial District Court was created by the New Mexico legislature, and it is controlled by the State of New Mexico. *Watson v. University of Utah Medical Center*, 75 F.3d 569, 574-75 (10th Cir. 1996) (stating that an entity is an arm of the state if it is controlled and funded by the state); NMSA 1978 § 34-6-1(F) (creating the sixth judicial district). It is therefore an "arm of the state," not a "person" as that term is used in § 1983. *Coopersmith v. Supreme Ct. of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972). To the extent Plaintiff seeks to state a claim against the Sixth Judicial District Court of New Mexico, the claims must be dismissed.

    C.  <u>The Otero County Prison Facility is not a Proper Defendant</u>.

The Complaint does not include allegations indicating what theory or factual basis underlies Plaintiff's claims against Otero County Prison Facility. Regardless of Plaintiff's potential theory, however, a state prison, is not a "person" subject to suit under § 1983. *Krebs v. El Dorado Corr. Facility*, 673 F. App'x 891, 894 (10th Cir. 2016) ("State correctional facilities . . . . are not persons subject to suit under section 1983). Plaintiff's claims, such as they may be, against Otero County Prison Facility must be dismissed accordingly.

    D.  <u>Grant County Sheriff's Department is not a Proper Defendant</u>.

Likewise, any potential claims against Grant County Sheriff's Department (though, again, it is not clear what those claims might be) are not viable under § 1983. *Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (a sheriff's department is not a suable entity under § 1983). While claims against sheriff's departments may be construed as claims against the municipality or county, itself, such claims are only viable if the plaintiff alleges an "official policy as the moving

force of the constitutional violation." *Id.* Plaintiff has neither alleged a policy, nor a constitutional violation attributable to Grant County. Plaintiff's (albeit unidentified) claims against Grant County Sheriff's Department will be dismissed accordingly.

      E.     <u>Plaintiff's Claims Against Mark Standridge and Carrillo Firm, P.C.</u>

Plaintiff's Motion seeks to remove Mark Standridge and Raymond Carrillo as defendants from in this lawsuit. The Court construes the Motion as a request for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure, which allows the Court to dismiss an action at the Plaintiff's request on terms that the court considers proper. The Court finds good cause to grant the Motion as to Mark Standridge.

While Raymond Carrillo is not a named defendant in his action, to the extent that that the Motion may be construed as seeking to dismiss Defendant the Carrillo Firm, P.C., the Motion is granted. Alternatively, Plaintiff's § 1983 claim against the Carrillo Firm, must be dismissed without prejudice for failure to state a claim. Plaintiff has not alleged that the firm is a state actor, which is essential element of a § 1983 claim. *C.f.*, *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (a private attorney is not a state actor under § 1983 even though he is an officer of the court). Even if the firm were a state actor, Plaintiff has not alleged facts to show how it violated his constitutional rights such that it would be subject to liability under § 1983.

      F.     <u>Plaintiff's Claims are Barred by the *Heck* Doctrine</u>.

In addition to the foregoing grounds for dismissal, Plaintiff's constitutional claims are barred by the principle announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). There, the Supreme Court held:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

> state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486-87. If Plaintiff were to prove that Judge Delaney violated his due process rights by unlawfully accepting a plea agreement that Plaintiff had not knowingly or voluntarily agreed to and/or unlawfully denied Plaintiff's motion to withdraw the plea, it would cast doubt on the validity of the judgment and sentence entered in accordance with that plea. The claim is therefore barred by *Heck*. *See e.g., Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001) (holding that a § 1983 claim that imply that a plea agreement was unconstitutional "would necessarily imply that [the plaintiff's] current sentence was invalid" such that *Heck* was "clearly applicable").

Further, to the extent Plaintiff seeks to challenge his conviction or sentence, the claim is governed by 28 U.S.C. § 2254. *See id*. (allowing the federal court to grant habeas relief to a state prisoner who is "in custody in violation of the Constitution or laws . . . of the United States"). As Plaintiff has a pending § 2254 habeas action, the issue of the constitutionality of the plea agreement, conviction, and sentence, is properly before the Court in case no. 20-cv-507-MV-GJF and is pending a resolution on the merits.

IV.   The Court Declines to *Sua Sponte* Invite an Amendment.

Having determined the complaint must be dismissed, the Court will *sua sponte* consider whether to invite Plaintiff to amend the pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts need not order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As a matter of law, Plaintiff cannot maintain a civil suit against the named defendants, and this Court cannot grant relief from a state criminal judgment in a civil rights proceeding. The Court therefore declines to *sua sponte* order

8

an amendment and will dismiss the Complaint with prejudice. This ruling is limited to civil claims and has no impact on any federal § 2254 proceeding.

    IT IS ORDERED:

    (1)    The Complaint (Doc. 1) is DISMISSED with prejudice.

    (2)    The Motion (Doc. 21) is GRANTED.

    (3)    A final judgment closing this case will be entered herewith.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE